UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :

JHOANA JUCA, as Parent and Natural Guardian of K.A., :
and JHOANA JUCA, individually et al.,           :

                               :

                   Plaintiffs,      :           23-CV-3508 (JMF)

                               :

        -v-                    :             <u>ORDER</u>

                               :

DAVID C. BANKS et al.,              :

                               :

                   Defendants.    :

                               :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

This case has been reassigned to the undersigned.  Unless and until the Court orders otherwise, all dates and deadlines shall remain in effect notwithstanding the case's reassignment, except that any currently scheduled conference or oral argument with the Court is adjourned pending further order of the Court.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at [http://nysd.uscourts.gov/judge/Furman](http://nysd.uscourts.gov/judge/Furman).**

The Court is aware of the parties' motions for summary judgment at ECF Nos. 46 and 54, and the relevant filings at ECF Nos. 48-50, 55-59, 63, 64-66.  No later than **February 5, 2026,** the parties shall file on ECF a joint letter indicating whether there are any submissions other than those relevant to the motion(s) of which the Court should be aware and updating the Court on the status of the case.  The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

1. Names of counsel and current contact information, if different from the information currently reflected on the docket;

2. A brief statement of the nature of the case and/or the principal defenses thereto;

3. A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5.    A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6.    A brief description of any other outstanding motions, including the date of the motion and the nature of the relief sought;

7.    A statement and description of any pending appeals;

8.    A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9.    A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

10.    A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

11.    An estimate of the length of trial; and

12.    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.  In accordance with the Court's Individual Rules and Practices, requests for extensions or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that a conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: January 29, 2026
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

2