UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JHOANA JUCA et al.,                                                :
                                                                   :                23-CV-3508 (JMF)
                                     Plaintiffs,                   :
                                                                   :
            -v-                                                    :        MEMORANDUM OPINION
                                                                   :        AND ORDER ADOPTING
KAMAR H. SAMUELS et al.,                                           :          REPORT AND
                                                                   :        RECOMMENDATION
                                     Defendants.                   :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, eighteen Plaintiffs bring claims under

the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*  The Honorable

Jennifer H. Rearden, to whom the case was previously assigned, referred the parties' summary

judgment motions to Magistrate Judge Barbara C. Moses for a Report and Recommendation.  In

a Report and Recommendation filed on September 4, 2024 (the "R&R"), Magistrate Judge

Moses described the relevant facts and procedural history and recommended dispositions with

respect to each Plaintiff's claims.  *See* ECF No. 63 ("R&R").[1]  Plaintiffs timely filed objections

to the R&R.  *See* ECF No. 64 ("Pls.' Obj."); *see also* ECF No. 65.  The New York City

Department of Education and its Chancellor (together, the "DOE") filed a response to Plaintiffs'

objections.  *See* ECF No. 66 ("Defs.' Resp.").[2]  On January 28, 2026, the case was reassigned

from Judge Rearden to the undersigned.

---

[1]     For convenience, attached as an Appendix is a table summarizing Plaintiffs' claims and
Magistrate Judge Moses's recommended dispositions.

[2]     Kamar H. Samuels is now the Chancellor.  Accordingly, pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, he is automatically substituted for Defendant David C. Banks.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 360-61 (2d Cir. 2025).  That clearly erroneous standard also applies "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."  *Nambiar* 158 F.4th at 361.

Upon review of the R&R and the parties' papers, the Court ADOPTS Magistrate Judge Moses's thorough and well-reasoned R&R in its entirety.  Plaintiffs object to only four of Magistrate Judge Moses's recommendations, but for the reasons that follow, the Court concludes their objections are baseless and overrules them.  As to the remainder of the unchallenged recommendations, the Court is satisfied that those recommendations are not clearly erroneous on the face of the record before it.  The Court will briefly address each objection in turn.

First, Plaintiffs object to Magistrate Judge Moses's recommendation that the Court grant summary judgment to the DOE on Plaintiffs S.C. and R.Z.'s claims regarding transportation funding for the 2022-23 school year without prejudice to renewal.  *See* Pls.' Opp'n 3-4.  They contend that any decision on S.C. and R.Z's claims should be stayed pending the resolution of other cases before this Court involving those same claims.  *Id.*  The problem for Plaintiffs is that, shortly after they filed their objections, this Court remanded the claims in those other cases back

to the relevant State Review Officers ("SROs") for resolution in the first instance.  *See Zayas v. Banks*, No. 24-CV-4401, ECF No. 12 (S.D.N.Y. Sept. 25, 2024) (remanding R.Z.'s claims); *Rivas v. Banks*, No. 24-CV-4804, ECF No. 12 (S.D.N.Y. Sept. 25, 2024) (remanding S.C.'s claims).  Neither party has informed the Court whether the SROs have taken any action on those claims since that time, but in the absence of any pending matter here, the Court sees no reason — and Plaintiffs have given none — to enter a stay.  To the extent Plaintiffs wish to continue litigating this issue, they may do so before the SROs to whom this Court remanded their claims. Accordingly, Plaintiffs' objection is OVERRULED.

Second, Plaintiffs object to the recommendation that the Court dismiss Plaintiff L.V.F.'s claim for $24,156 in nursing services for the 2020-21 school year as unripe.  *See* Pls.' Obj. 4-6. "A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).  Plaintiffs initially sought only $2,970 in expenses but later represented that the original outstanding balance "was invoiced incorrectly" and that they would "provide [the DOE] with the corrected invoices," containing the claimed amount, "once they are received from the service provider to resolve this issue."  ECF No. 61 ("Aug. 5, 2024 Joint Ltr."), at 1.  Magistrate Judge Moses correctly concluded that their claim was therefore unripe because it depended on contingent future events — namely, Plaintiffs' submission of those corrected invoices and the DOE's refusal to pay.  *See* R&R 12-13 & n.7.  It appears that Plaintiffs still have not submitted those corrected invoices to Defendants, *see* Defs.' Resp. 3, so the claim is therefore still unripe. Plaintiffs nevertheless argue that their failure to submit corrected invoices is irrelevant because they predict the DOE will refuse to pay unless the amount on the invoices matches the amount

3

estimated in an earlier affidavit.  *See* Pl.'s Obj. 5.  But that argument has no basis in the record or the DOE's papers, which only note the discrepancy and request corrected invoices.  *See* ECF No. 33, at 6; Aug. 5, 2024 Joint Ltr. 6.  Plaintiffs' objection therefore must be and is OVERRULED.

Third, Plaintiffs object to the recommendation that the Court dismiss Plaintiff L.V.F.'s claim for $20,394 in nursing services for the 2022-23 school year as moot because Plaintiffs previously represented that DOE had made full payment and withdrew the claim.  *See* R&R 11; *see also* ECF No. 58, at 13 n.8 (withdrawing the claim).  Plaintiffs maintain that their earlier representation was in error and argue that it would prejudice them to dismiss the claim as they would become liable for the amount.  *See* Pls.' Obj. 6-7.  But Plaintiffs still do not provide any documentation supporting the $20,394 claim.  Nor do they explain the purported error that led them to withdraw their initial claim.  Thus, the Court concludes that the Magistrate Judge's decision to hold them to their prior representation was correct.  Plaintiffs' third objection is accordingly OVERRULED.

Finally, Plaintiffs object to the recommended procedure for appointing a Special Master should the parties fail to come to an agreement on the unpaid amounts of the claims that are not remanded to the administrative level.  *See* R&R 43-44; Pls.' Obj. 8-9.[3]  Given that the parties have not even attempted to come to such an agreement, it is far too early for the Court to rule on the appropriate procedure for appointing a Special Master.  Plaintiffs' objection therefore must be and is OVERRULED.

---

[3]    Those claims are (1) N.A.'s claim for transportation expenses for the 2022-23 school year, ECF No. 63 ("R&R"), at 29-30; (2) L.S.'s claim for transportation expenses for the 2021-22 school year, *id.* at 31-32; and (3) M.B.'s claim for transportation expenses in the 2021-22 school year, *id.* at 33.

In sum, the Court overrules each of Plaintiffs' objections and ADOPTS Magistrate Judge Moses's thorough and well-reasoned R&R in its entirety.  Each claim is accordingly resolved as described in the table attached as an Appendix to this Memorandum Opinion and Order.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason for delay in entering judgment on the claims that are fully resolved by the R&R and the claims remanded to the SRO.  Accordingly, the parties are ORDERED to file a joint proposed judgment on those claims within **seven days of the date of this Order**.  As to the other three claims for which bookkeeping disputes remain, the parties are ORDERED to meet and confer in a good faith effort to resolve those disputes and file a joint proposed judgment within **forty-five days of the date of this Order** that addresses all remaining claims.  The Court strongly encourages the parties to come to a mutually agreeable resolution on these claims, but if they are unable to do so, they should file a joint letter with the Court explaining the basis for any remaining dispute and proposing next steps.  At that time, the Court will determine what, if any, next steps are warranted.

The Clerk of Court is directed to substitute Kamar H. Samuels for Defendant David C. Banks, to update the caption accordingly, and to terminate ECF Nos. 46 and 54.

SO ORDERED.

Dated: February 24, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

5

**APPENDIX**

| Parent/Child | SY | Unpaid Expenses *per plaintiffs* | | Recommendation |
|---|---|---|---|---|
| **CLAIMS PRESSED ON SUMMARY JUDGMENT** | | | | |
| Juca/K.A. | 2018-19 | Nursing | $ 16,200.00 | S/J for plaintiff: pay $16,200 |
| Donohue/ S.J.D. | 2018-19 | Nursing | 5,490.00 | S/J for plaintiff: pay $1,080 |
| Ramos/W.R. | 2019-20 | Tuition | 75,514.70 | Deny both S/J motions |
| | | Transportation | 50,048.46 | **Remand** |
| Fiallos/L.V.F. | 2018-19 | Nursing | 2,250.00 | S/J for Plaintiff: pay $2,250 |
| | 2020-21 | Nursing | 2,970.00 | *Dismiss: unripe* |
| | 2022-23 | Transportation | 35,880.00 | *Dismiss: moot* |
| | | Nursing | 57,200.00 | *Dismiss: moot* |
| Davis/O.C. | 2020-21 | Nursing | 147,510.00 | S/J for plaintiff: pay $137,610 |
| | 2022-23 | Tuition | 811.11 | *Dismiss: moot* |
| | | Transportation | 68,968.00 | **Remand** |
| | | Nursing | 1,130.00 | Deny both S/J motions |
| Beckford/M.B. | 2021-22 | Transportation | 7,040.00 | S/J for plaintiff: pay July & November 2021 invoices |
| Chaperon/ A.J.C.B. | 2021-22 | Tuition | 910.25 | Deny both S/J motions |
| | | Transportation | 24,961.92 | S/J for defendant |
| | 2022-23 | Transportation | 151,110.00 | **Remand** |
| | | Nursing | 64,636.00 | *Dismiss: moot* |
| Torres/A.L. | 2022-23 | Transportation | 146,610.00 | S/J for defendant |
| Garzon/M.G. | 2021-22 | Transportation | 31,311.24 | S/J for defendant |
| Tobuck/K.T. | 2021-22 | Transportation | 41,250.00 | **Remand** |
| Hidalgo/L.S. | 2021-22 | Transportation | 49,950.00 | S/J for plaintiff: pay April-June 2022 invoices |
| | | Nursing | 217,360.00 | *Dismiss: moot* |
| Bird/H.C. | 2022-23 | Transportation | 26,220.00 | *Dismiss: moot* |
| Rivas/S.C. | 2022-23 | Transportation | 113,850.00 | S/J for defendant |
| Zayas/R.Z. | 2022-23 | Transportation | 84,346.00 | S/J for defendant |
| de Paulino/R.P. | 2022-23 | Transportation | 146,610.00 | S/J for plaintiff: pay $146,610 |
| Archibald/N.A. | 2022-23 | Transportation | 37,560.00 | S/J for plaintiff: pay April-June 2023 invoices |
| Burgos Parra/C.P. | 2022-23 | Transportation | 119,574.00 | S/J for plaintiff: pay $119,574 |

R&R 43.